THE HONORABLE JOHN C. COUGHENOUR

1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

9   DANIEL PETERSEN,                          CASE NO. C12-5699-JCC

10                          Plaintiff,          ORDER ADOPTING REPORT &
                                                RECOMMENDATION AND
11             v.                               AFFIRMING THE COMMISSIONER

12   CAROLYN W. COLVIN,

13                          Defendant.

14

15          This matter comes before the Court on Plaintiff's objections to the Report and

16   Recommendation (Dkt. No. 20). Having thoroughly considered the parties' briefing and the

17   relevant record, the Court hereby REJECTS the objections (Dkt. No. 20), ADOPTS the Report

18   and Recommendation ("R&R") (Dkt. No. 19), and AFFIRMS the Commissioner's denial of

19   benefits for the reasons explained herein.

20   **I.      BACKGROUND**

21          Plaintiff appeals the Commissioner's denial of his application for social security

22   disability benefits. (Dkt. No. 1). The matter was referred to the Honorable James P. Donohue,

23   United States Magistrate Judge (Dkt. No. 4) for preparation of an R&R. The R&R recommends

24   affirming the Commissioner's finding that Plaintiff is not disabled under the Social Security Act.

25   (Dkt. No. 19 at 1.)

26          Plaintiff's disability claim was denied by the Commissioner initially and on

ORDER ADOPTING REPORT &
RECOMMENDATION AND AFFIRMING THE
COMMISSIONER
PAGE - 1

reconsideration. (AR at 83–85.) He requested a hearing before an Administrative Law Judge ("ALJ"). (AR 95–96.) The ALJ issued a written order finding Plaintiff not disabled and denying his application for benefits. (AR 22–34.) The ALJ found at step two of the sequential disability analysis that Plaintiff's headaches are a severe impairment. (AR 95–98.) The ALJ found at step four that: "the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that claimant can occasionally climb ropes, ladders, and scaffolds. He should avoid concentrated exposure to noise and hazards. He can follow 1-2 step instructions." (AR 27–28.)

Based in part on the testimony of a vocational expert, the ALJ found at step five that given his age, education, work experience, and residual functional capacity, Plaintiff is able to perform jobs that exist in significant numbers in the national economy. (AR 33.) In response to questioning by Plaintiff's attorney at the hearing, the vocational expert testified that in his experience, "absenteeism at the rate of more than one day per month cannot be sustainable" for the unskilled jobs that he said Plaintiff was able to perform. (AR 73.) Plaintiff's primary objection to the R&R is that the record establishes that Plaintiff would miss more than one day of work per month due to headaches and therefore the ALJ should have found that he is disabled. (Dkt. No. 20 at 1–7.)

Plaintiff also objects to the R&R's conclusion that the ALJ's error in discounting the witness statements of Plaintiff's wife based on her relationship with Plaintiff was harmless because the ALJ also provided valid reasons for discounting her testimony. (Dkt. No. 20 at 7–9.)

## II.   DISCUSSION

The court reviews *de novo* those portions of the R&R to which Plaintiff has properly objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

### A.   Absenteeism

In *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit reversed a denial of disability benefits because the administrative record

1   showed that the claimant was "likely to miss multiple days of work per month" and the

2   vocational expert had testified that "a person with Brewes' characteristics who would miss that

3   much work was not employable." *Id.* at 1164–65. In *Brewes*, the ALJ's disability determination

4   "expressly relied on the testimony of the vocational expert" regarding jobs for which Brewes

5   would be eligible. *Id.* at 1163. As noted, the vocational expert testified that if Brewes missed two

6   or more days of work due to her impairments, she would be unemployable. *Id.* After the hearing,

7   Brewes submitted a letter from her treating psychologist and mental health nurse practitioner,

8   who opined that "it is likely [Brewes] would miss quite a few days a month from even a simple

9   job, as she would not be able to leave home to go to work and if she did make it to work her

10  concentration and attention would be poor due to her symptoms." *Id.* (alteration in original). The

11  Ninth Circuit concluded that in light of the vocational expert's testimony and the opinion of the

12  providers, which was not contradicted, the Commissioner's decision denying benefits was not

13  supported by substantial evidence. *Id.* at 1164.

14      Plaintiff argues the Comissioner's decision denying disability benefits in his case must be

15  reversed under *Brewes*. The Court agrees that as in *Brewes*, the ALJ here relied on the testimony

16  of a vocational expert who implied that Plaintiff would be unemployable if he missed more than

17  one day of work per month. (AR 33, 73.) Unlike in *Brewes*, however, the record contains no un-

18  contradicted medical opinion stating that Plaintiff would miss more than one day of work per

19  month. Plaintiff argues that the treatment notes of Dr. Leonard, a headache expert, are

20  "consistent with the claim that Plaintiff would be absent once a week due to headaches." (Dkt.

21  No. 20 at 4–5.) While that is one reasonable interpretation of Dr. Leonard's treatment notes, the

22  notes do not say that Plaintiff will miss more than one day of work per month due to headaches.

23  They are not an un-contradicted medical opinion analogous to the one *Brewes*.

24      Plaintiff argues that his testimony supports the conclusion that headaches would cause

25  him to miss work more than one day a month. But, the ALJ gave clear and convincing reasons

26  for finding Plaintiff's testimony less than fully credible, as explained in the R&R. The Court

ORDER ADOPTING REPORT &
RECOMMENDATION AND AFFIRMING THE
COMMISSIONER
PAGE - 3

1   adopts the R&R's reasoning and conclusions on that issue.

2         **B.**     **Lay Witness Testimony**

3         The R&R correctly concludes that the ALJ erred to the extent that she discounted the lay

4   witness statements of Plaintiff's wife based on his wife's relationship with him. (Dkt. No. 19 at

5   18.) The R&R concludes that this error was harmless because the ALJ also provided a germane

6   reason for discounting Plaintiff's wife's statements. (*Id.*) The ALJ found that her opinions were

7   contradicted by other evidence in the record and were sometimes internally inconsistent. (*Id.* at

8   18–19.) Plaintiff argues that the reasons the ALJ gave for discounting his wife's opinions are

9   insufficient, particularly because her opinions are consistent with the "independent observations

10  of Dr. Leonard." (Dkt. No. 20 at 9.) Although Plaintiff's interpretation of the record is

11  reasonable, the Court must defer to the ALJ's credibility determination so long as the ALJ's

12  reasons are permissible and supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d

13  1035, 1039 (9th Cir. 1995). As the R&R explains, the ALJ provided germane reasons for

14  discounting the witness statements of Plaintiff's wife. (Dkt. No. 19 at 19–20.)

15        For all of the foregoing reasons, the Court agrees with the R&R's conclusion that the

16  ALJ's findings, including her determination of Plaintiff's residual functional capacity, are

17  supported by substantial evidence.

18  **III.**    **CONCLUSION**

19        For the foregoing reasons, Plaintiff's objections to the R&R (Dkt. No. 20) are

20  REJECTED. The Commissioner's decision is AFFIRMED and this case is DISMISSED with

21  prejudice. The Clerk of the Court is directed to send copies of this Order to the parties and to

22  Judge Donohue.

23  //

24  //

25  //

26  //

ORDER ADOPTING REPORT &
RECOMMENDATION AND AFFIRMING THE
COMMISSIONER
PAGE - 4

1       DATED this 18th day of July 2013.

2

3

4

5

6

7                                                   _____

8                                                   John C. Coughenour
                                                    UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER ADOPTING REPORT &
RECOMMENDATION AND AFFIRMING THE
COMMISSIONER
PAGE - 5