THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DANIEL PETERSEN,<br><br>     Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN,<br><br>     Defendant. | CASE NO. C12-5699-JCC<br><br>ORDER ADOPTING REPORT & RECOMMENDATION AND AFFIRMING THE COMMISSIONER |

This matter comes before the Court on Plaintiff's objections to the Report and Recommendation (Dkt. No. 20). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby REJECTS the objections (Dkt. No. 20), ADOPTS the Report and Recommendation ("R&R") (Dkt. No. 19), and AFFIRMS the Commissioner's denial of benefits for the reasons explained herein.

**I.    BACKGROUND**

Plaintiff appeals the Commissioner's denial of his application for social security disability benefits. (Dkt. No. 1). The matter was referred to the Honorable James P. Donohue, United States Magistrate Judge (Dkt. No. 4) for preparation of an R&R. The R&R recommends affirming the Commissioner's finding that Plaintiff is not disabled under the Social Security Act. (Dkt. No. 19 at 1.)

Plaintiff's disability claim was denied by the Commissioner initially and on

reconsideration. (AR at 83–85.) He requested a hearing before an Administrative Law Judge ("ALJ"). (AR 95–96.) The ALJ issued a written order finding Plaintiff not disabled and denying his application for benefits. (AR 22–34.) The ALJ found at step two of the sequential disability analysis that Plaintiff's headaches are a severe impairment. (AR 95–98.) The ALJ found at step four that: "the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except that claimant can occasionally climb ropes, ladders, and scaffolds. He should avoid concentrated exposure to noise and hazards. He can follow 1-2 step instructions." (AR 27–28.)

Based in part on the testimony of a vocational expert, the ALJ found at step five that given his age, education, work experience, and residual functional capacity, Plaintiff is able to perform jobs that exist in significant numbers in the national economy. (AR 33.) In response to questioning by Plaintiff's attorney at the hearing, the vocational expert testified that in his experience, "absenteeism at the rate of more than one day per month cannot be sustainable" for the unskilled jobs that he said Plaintiff was able to perform. (AR 73.) Plaintiff's primary objection to the R&R is that the record establishes that Plaintiff would miss more than one day of work per month due to headaches and therefore the ALJ should have found that he is disabled. (Dkt. No. 20 at 1–7.)

Plaintiff also objects to the R&R's conclusion that the ALJ's error in discounting the witness statements of Plaintiff's wife based on her relationship with Plaintiff was harmless because the ALJ also provided valid reasons for discounting her testimony. (Dkt. No. 20 at 7–9.)

**II.   DISCUSSION**

The court reviews *de novo* those portions of the R&R to which Plaintiff has properly objected. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3).

    A.   **Absenteeism**

In *Brewes v. Commissioner of Social Security Administration*, 682 F.3d 1157 (9th Cir. 2012), the Ninth Circuit reversed a denial of disability benefits because the administrative record

showed that the claimant was "likely to miss multiple days of work per month" and the vocational expert had testified that "a person with Brewes' characteristics who would miss that much work was not employable." *Id.* at 1164–65. In *Brewes*, the ALJ's disability determination "expressly relied on the testimony of the vocational expert" regarding jobs for which Brewes would be eligible. *Id.* at 1163. As noted, the vocational expert testified that if Brewes missed two or more days of work due to her impairments, she would be unemployable. *Id.* After the hearing, Brewes submitted a letter from her treating psychologist and mental health nurse practitioner, who opined that "it is likely [Brewes] would miss quite a few days a month from even a simple job, as she would not be able to leave home to go to work and if she did make it to work her concentration and attention would be poor due to her symptoms." *Id.* (alteration in original). The Ninth Circuit concluded that in light of the vocational expert's testimony and the opinion of the providers, which was not contradicted, the Commissioner's decision denying benefits was not supported by substantial evidence. *Id.* at 1164.

      Plaintiff argues the Comissioner's decision denying disability benefits in his case must be reversed under *Brewes*. The Court agrees that as in *Brewes*, the ALJ here relied on the testimony of a vocational expert who implied that Plaintiff would be unemployable if he missed more than one day of work per month. (AR 33, 73.) Unlike in *Brewes*, however, the record contains no un-contradicted medical opinion stating that Plaintiff would miss more than one day of work per month. Plaintiff argues that the treatment notes of Dr. Leonard, a headache expert, are "consistent with the claim that Plaintiff would be absent once a week due to headaches." (Dkt. No. 20 at 4–5.) While that is one reasonable interpretation of Dr. Leonard's treatment notes, the notes do not say that Plaintiff will miss more than one day of work per month due to headaches. They are not an un-contradicted medical opinion analogous to the one *Brewes*.

      Plaintiff argues that his testimony supports the conclusion that headaches would cause him to miss work more than one day a month. But, the ALJ gave clear and convincing reasons for finding Plaintiff's testimony less than fully credible, as explained in the R&R. The Court

ORDER ADOPTING REPORT &
RECOMMENDATION AND AFFIRMING THE
COMMISSIONER
PAGE - 3

adopts the R&R's reasoning and conclusions on that issue.

B. Lay Witness Testimony

The R&R correctly concludes that the ALJ erred to the extent that she discounted the lay witness statements of Plaintiff's wife based on his wife's relationship with him. (Dkt. No. 19 at 18.) The R&R concludes that this error was harmless because the ALJ also provided a germane reason for discounting Plaintiff's wife's statements. (*Id.*) The ALJ found that her opinions were contradicted by other evidence in the record and were sometimes internally inconsistent. (*Id.* at 18–19.) Plaintiff argues that the reasons the ALJ gave for discounting his wife's opinions are insufficient, particularly because her opinions are consistent with the "independent observations of Dr. Leonard." (Dkt. No. 20 at 9.) Although Plaintiff's interpretation of the record is reasonable, the Court must defer to the ALJ's credibility determination so long as the ALJ's reasons are permissible and supported by substantial evidence. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). As the R&R explains, the ALJ provided germane reasons for discounting the witness statements of Plaintiff's wife. (Dkt. No. 19 at 19–20.)

For all of the foregoing reasons, the Court agrees with the R&R's conclusion that the ALJ's findings, including her determination of Plaintiff's residual functional capacity, are supported by substantial evidence.

III. CONCLUSION

For the foregoing reasons, Plaintiff's objections to the R&R (Dkt. No. 20) are REJECTED. The Commissioner's decision is AFFIRMED and this case is DISMISSED with prejudice. The Clerk of the Court is directed to send copies of this Order to the parties and to Judge Donohue.

//

//

//

//

1     DATED this 18th day of July 2013.

                                                                       /s/ John C. Coughenour

                                                                         John C. Coughenour
                                                                         UNITED STATES DISTRICT JUDGE